UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-21492-CIV-MORENO

HATTIM KAIS,

    Plaintiff,

vs.

MANSIANA OCEAN RESIDENCES, LLC,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Hattim Kais entered into a contract with Defendant Mansiana Ocean Residences, LLC for the purchase a condominium which was to be built at 15701 Collins in Miami-Dade County, Florida. In connection with the purchase, Plaintiff deposited with Defendant $258,415.20 representing 20% of the purchase price of the condominium.

Plaintiff now seeks to revoke the contract and recover his deposit. In Count I of his Second Amended Complaint, Plaintiff alleges that Defendant violated the Interstate Land Sales Full Disclosure Act 15 U.S.C. § 1701-1720 ("ILSA") by failing to provide him with a property report before he signed the contract. In Count II, Plaintiff alleges that Defendant violated Florida's Deceptive and Unfair Trade Practice Act ("FDUTPA") by (1) providing an "estimated" date of completion, (2) failing to deliver a property report in violation of ILSA, and (3) using an "opt-out method" of choosing a title company.

Defendant moves to dismiss Count II of the Second Amended Complaint for failure to state a claim. Defendant alleges that Plaintiff failed to identify a deceptive act, failed to plead

causation, and failed to allege that he suffered damages that are recoverable under FDUTPA. As Plaintiff has failed to plead all of the elements of a FDUTPA cause of action, Defendant's motion is granted.

## I. Legal Standard

In ruling on a motion to dismiss, the Court must limit its consideration to the pleadings and any exhibits attached to the pleadings. *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court must view the complaint in the light most favorable to the Plaintiff. *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *United States v. Baxter Int'l Inc.*, 345 F.3d 866, 880 (11th Cir. 2003). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

## II. Legal Analysis

Defendant moves to dismiss Count II for violations of FDUTPA for failure to state a claim upon which relief can be granted. To state a claim under FDUTPA, and individual must allege (1) a deceptive or unfair practice, (2) causation, and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). Thus, Plaintiff must plead sufficient facts showing that the unfair or deceptive practice that Defendant allegedly committed actually resulted in damage. *Hap v. Toll Jupiter Ltd. P'ship*, 2009 WL 187938, No. 07-81027 (S.D. Fla. Jan. 27, 2009).

In the instant case, Defendant alleges that Plaintiff failed to identify a deceptive act, failed to plead causation, and failed to allege that he suffered damages that are recoverable under FDUTPA. As to the first element of a FDUTPA claim, alleging a "a deceptive or unfair practice," Plaintiff alleged that Defendant engaged in three separate deceptive or unfair practices: (1) providing an "estimated" date of completion, (2) failing to deliver a property report in violation of ILSA, and (3) using an "opt-out method" of choosing a title company. Thus, Plaintiff has sufficiently alleged the first element of a claim under FDUTPA.

As to the second element of a FDUTPA claim, causation, however, Plaintiff has failed to state how any of the alleged deceptive or unfair practices caused damage to Plaintiff. Plaintiff merely states that "the subsequent delay and ultimate loss of monies paid have damaged [Plaintiff]", but fails to show how the estimated date of completion, missing property report, and opt-out method caused him any damage. Nowhere in the Second Amended Complaint does Plaintiff state that these alleged deceptive acts caused him to enter into the contract with Defendant or caused him to act differently in any way (e.g. asking for certain contract

concessions). Thus, Plaintiff has failed to allege the second element of a claim under FDUTPA, and Count II must be dismissed with leave to amend to attempt to properly plead causation. Therefore, it is

**ADJUDGED** that Defendant's Motion to Dismiss Count II of the Second Amended Complaint (D.E. No. 26) is **GRANTED**. Plaintiff shall file his Third Amended Complaint by no later than April 3, 2009.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of March, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record